1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   J.H., a minor; by and through her guardian        No.  2:14-CV-00796-TLN-EFB
     ad litem SARAH H. and SARAH H. and
12   DAVID H., Individually,

13              Plaintiff,                              **ORDER GRANTING IN PART AND
                                                        DENYING IN PART DEFENDANT'S
14        v.                                            MOTION TO DISMISS**

15   NEVADA CITY SCHOOL DISTRICT,

16              Defendant.

17

18           This matter is before the Court pursuant to Defendant Nevada City School

19   District's ("Defendant")  Motion to Dismiss Plaintiffs' Complaint.  (Def.'s Mot. to Dismiss, ECF

20   No. 7.)  Plaintiff J.H., through parents Sarah H. and David H., ("Plaintiffs") filed an opposition to

21   Defendant's motion.  (Pls.' Opp'n, ECF No. 9.)  The Court has carefully considered the

22   arguments raised in Defendant's motion and reply, as well as Plaintiffs' opposition.  For the

23   reasons set forth below, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED

24   IN PART.

25        **I.    FACTUAL BACKGROUND**

26           Plaintiff J.H. is a child eligible for special education services under the qualifying

27   condition of specific learning disability.[1]  (Compl., ECF No. 1 at ¶ 8.)  On July 8, 2010, Plaintiffs

28   _____
     [1] Defendant requests the Court take judicial notice of the administrative records and reports of the California Office

                                                 1

1   filed a due process complaint against Defendant before the California Office of Administrative

2   Hearings ("OAH") in compliance with 20 U.S.C. § 1415(c)(2), which sets out procedures for

3   filing a due process complaint under the Individuals with Disabilities Education Act ("IDEA").

4   (ECF No. 1 at ¶¶ 10–11.)  On April 14, 2011, the parties entered into a settlement agreement

5   resolving all educational claims prior to and through the 2012–13 school year.  (ECF No. 1 at ¶

6   12.)  Among other obligations, Defendant agreed to fund 480 hours of private instruction for

7   Plaintiffs with the nonpublic agency Lindamood Bell through June 30, 2012, and to establish a

8   compensatory education fund in the amount of $12,000 to be accessible for private tutoring in

9   academics or arts and other services.  (ECF No. 1 at ¶¶ 13–14.)

10              Plaintiffs subsequently alleged that Defendant did not comply with the settlement

11   agreement and failed to pay for any Lindamood Bell services provided to J.H. after June 30,

12   2012.  (ECF No. 1 at ¶ 19.)  Plaintiff further alleged that Defendant failed to reimburse Plaintiffs

13   for dance lessons provided to J.H.  (ECF No. 1 at ¶ 21.)  As a result of these alleged deficiencies,

14   Plaintiffs filed a compliance complaint with the California Department of Education ("CDE") on

15   December 21, 2012, pursuant to Title 34 of the Code of Federal Regulations ("C.F.R.") section

16   300.152, which provides for minimum state compliance procedures.  (First Compliance Compl.,

17   ECF No. 1-3.)  The compliance complaint sought access to the compensatory education fund for

18   the 2013–14 school year and reimbursement for the dance lessons.  (ECF No. 1-3.)  On February

19   15, 2013, the CDE issued an Investigation Report, finding that Defendant was in compliance and

20   ordered no corrective action.  (Feb. 15, 2013 CDE Investigative Report, ECF No. 1-4.)  On March

21   19, 2013, Plaintiffs filed a request for reconsideration with the CDE.  (Mar. 19, 2013 Req. for

22

23   of Administrative Hearings ("OAH") and California Department of Education ("CDE"), as well as Defendant's
petition for writ of administrative mandate and petition for writ of mandate in the Nevada County Superior Court.

24   (Def.'s Req. for Judicial Notice, ECD 7-2 and 7-3.)  Plaintiffs request the Court take judicial notice of the Nevada
County Superior Court's submitted ruling on Plaintiffs' request for demurrer for failure to join an indispensable

25   party.  (Pls.' Req. for Judicial Notice, ECD 12-1.)  Both parties' requests for judicial notice are hereby GRANTED.
Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute").  A court may

26   consider certain materials—documents attached to the complaint, documents incorporated by reference in the
complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary

27   judgment. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.
1994).  "Courts may take judicial notice of some public records, including the 'records and reports of administrative

28   bodies.' " *U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co*., 209
F.2d 380, 385 (9th Cir. 1953)).

1  Recons., ECF No. 1-5.)  Plaintiffs' request for reconsideration alleged that the CDE misstated the

2  facts and misapplied the law.  (ECF No. 1-5.)  On April 23, 2013, the CDE issued a

3  Reconsideration Report finding that Defendant was out of compliance with regard to

4  reimbursement for the dance lessons.  However, the CDE did not provide Plaintiffs access to the

5  compensatory education fund.  (Apr. 23, 2013 Recons. Report, ECF No. 1-6 at 3–4.)

6         On July 22, 2013, Plaintiffs filed a second compliance complaint with the CDE

7  seeking reimbursement for tutoring services obtained after June 30, 2012, and access to the

8  compensation fund for the 2013–2014 school year.  (Second Compliance Compl., ECF No. 1-7.)

9  On September 16, 2013, the CDE issued an Investigation Report, finding that Defendant was out

10  of compliance with California Education Code section 56043(i).  (Sept. 16, 2013 CDE

11  Investigation Rept., ECF No. 1-8.)  On October 21, 2013, Defendant filed a request for

12  reconsideration with the CDE, alleging that the CDE had misapplied the law.  (Oct. 21, 2013 Req.

13  for Recons., ECF No. 7-2 at 8.)  On November 21, 2013, the CDE issued a Reconsideration

14  Investigation Report, with only minor changes from the September 16, 2013 Investigation Report.

15  (Nov. 21, 2013 CDE Recons. Investigation Report, ECF No. 1-9.)  After no appeal was made

16  pursuant to 20 U.S.C. § 1415(g), the CDE mailed a letter to both parties on December 24, 2013,

17  declaring the case closed.  (Dec. 24, 2013 CDE Letter, ECF No. 7-3 at 91.)

18         On February 19, 2014, Defendant petitioned for a writ of mandate and a writ of

19  administrative mandate against the CDE in the Superior Court of California, County of Nevada,

20  seeking to vacate and void the second compliance complaint findings and reconsiderations to the

21  extent that they are adverse to Defendant.  (State Ct. Compl., ECF No. 7-3 at 97, 113.)  On

22  October 22, 2014, the superior court dismissed counts one and two of Defendant's complaint

23  without leave to amend for failure to name an indispensible party.  (Order on Dem., ECF No. 12-

24  1 at 4.)[2]

25         On March 28, 2014, Plaintiffs brought this suit against Defendant for denial of

26  Plaintiff's free appropriate public education ("FAPE") for failure to implement Plaintiff J.H.'s

27  ───────────────

[2] Plaintiffs in this case were determined to be an indispensible party to the state court case as to counts one and two,
28  but not to count three, illegal expenditure of taxpayer funds.  (ECF No. 12-1 at 4.)  The decisions of the state court
are not binding on the Court's opinion and they are factually unrelated to the present issues before the Court.

1    individualized education program ("IEP") under the IDEA, 20 U.S.C. § 1400, et seq., and Title 34

2    of the C.F.R. section 300.323(c)(2).  Plaintiffs also brought claims for attorneys' fees under the

3    IDEA and for breach of contract.  Defendant filed the instant motion, arguing that this Court does

4    not have jurisdiction to hear Plaintiffs' claims because such claims are time-barred under the

5    IDEA.  (ECF No. 7-1 at 10.)

6                                    **II.  STANDARD OF LAW**

7           Federal Rule of Civil Procedure 12(b)(1) allows a party, or the Court on its own

8    initiative, to challenge the court's subject matter jurisdiction at any stage in the litigation.  Fed.

9    Rule Civ. Pro. 12(b)(1) & (h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Under

10   Federal Rule of Civil Procedure 12(h)(3), the Court is required to dismiss the action if it lacks

11   subject matter jurisdiction.  Fed. Rule Civ. Pro. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455

12   (2004).  A federal district court generally has subject matter jurisdiction over a civil action when:

13   (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of

14   the United States"; or (2) there is complete diversity of citizenship and the amount in controversy

15   exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).[3]

16          With regard to federal question jurisdiction, federal courts have "jurisdiction to

17   hear, originally or by removal from a state court, only those cases in which a well-pleaded

18   complaint establishes either that federal law creates the cause of action, or that the plaintiff's right

19   to relief necessarily depends on resolution of a substantial question of federal law." *Franchise*

20   *Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *see Republican Party of*

21   *Guam v. Gutierrez*, 277 F. 3d 1086, 1088–89 (9th Cir. 2002).  "[T]he presence or absence of

22   federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

23   that federal jurisdiction exists only when a federal question is presented on the face of the

24   plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*,

25   582 F. 3d 1083, 1091 (9th Cir. 2009) (citation and quotation marks omitted).

26

27
_____

28   [3] The Court will not address diversity jurisdiction because this dispute arises under federal question jurisdiction only
     and the Court finds no basis for diversity jurisdiction.

1        III. ANALYSIS

2            a.  **Denial of FAPE (Count I)**

3                i.  *The IDEA*

4            Plaintiffs seek to bring an action against Defendant for denial of FAPE claims in

5    violation of the IDEA, 20 U.S.C. § 1415(i)(3), and Title 34 of the C.F.R. section 300.323(c)(2).

6    (ECF No. 1 at ¶¶ 1, 45.)  Defendant contends that Plaintiffs' claims are time-barred under the

7    IDEA's statute of limitations for bringing a civil action under 20 U.S.C. § 1415(i)(2)(B).  (ECF

8    No. 7 at 10–11.)  The Court finds Plaintiffs are time-barred and GRANTS Defendant's Motion to

9    Dismiss Count I.

10           The IDEA is a federal statute enacted "to ensure that all children with disabilities

11   have available to them a free appropriate public education."  20 U.S.C. § 1400(d)(1)(A).  To

12   comply with the IDEA, school districts must create an IEP for each child with a disability.  *Id.* at

13   § 1414(d).  If a parent does not agree with his or her child's IEP, the parent "shall have an

14   opportunity for an impartial due process hearing, which shall be conducted by the State

15   educational agency or by the local educational agency."  *Id.* at § 1415(f)(1)(A).  "Any party

16   aggrieved by the findings and decision made [in the due process hearing or by placement in

17   alternative educational settings] who does not have the right to an appeal [. . .] shall have the right

18   to bring a civil action."  *Id.* at § 1415(i)(2)(A).  The IDEA further requires the exhaustion of all

19   administrative remedies on all claims prior to filing a civil action.[4]  *Id.* at § 1415(l).  An aggrieved

20   party "shall have 90 days from the date of the decision of the hearing officer to bring [a civil

21   action], or, if the State has an explicit time limitation for bringing such action […], in such time

22   as the State law allows."  20 U.S.C. § 1415(i)(2)(B).  "The district courts of the United States

23   shall have jurisdiction of actions brought under [the IDEA] without regard to the amount in

---

24   [4] Plaintiffs must exhaust their remedies in the administrative proceeding prior to seeking relief from the Court.

25   *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1163–64 (9th Cir. 2007); *Robb v. Bethel Sch. Dist. # 403*,
     308 F. 3d 1047, 1050 (9th Cir. 2002) (overruled on other grounds); *Booth v. Churner*, 532 U.S. 731 (2001).  In the
26   instant complaint, Plaintiffs are seeking remedies that have not been previously sought in the administrative
     proceedings.  These newly added remedies have no impact on the Court's findings.  To the extent that there are new
27   claims, the Court finds they must be exhausted in the administrative hearings prior to filing a civil action.  *Kutasi*,
     494 F. 3d at 1163–64; *Robb*, 308 F. 3d at 1050; *Booth*, 532 U.S. at 731; 20 U.S.C. § 1415(l).  To the extent that they
28   are new remedies to existing claims, the Court finds they are time-barred under the IDEA.  20 U.S.C. §
     1415(i)(2)(B).

1    controversy." 20 U.S.C. § 1415(i)(3).  (ECF No. 9 at 4.)

2            The Court finds that Count I of the complaint is properly asserted under IDEA,

3    which "specifically requires implementation of a Student's IEP in order to provide a FAPE." *Id.*

4    at § 1401(9)(D).  (ECF No. 9 at 5.)  The IDEA creates an enforceable right for FAPE and that

5    denial of FAPE falls squarely within the purview of the IDEA.  20 U.S.C. § 1414.  However,

6    Defendant alleges that Plaintiffs' claims are time-barred under the IDEA's statute of limitations

7    for bringing a civil action, 20 U.S.C. § 1415(i)(2)(B).  (ECF No. 7 at 10–11.)  Defendant asserts

8    that Plaintiffs waited 127 days from the last CDE report before filing this action and 94 days from

9    the last CDE correspondence concerning this matter before filing in the Court, thus failing to

10   meet the 90 day statute of limitations.  (ECF No. 7 at 11–12.)

11            20 U.S.C. § 1415(i)(2)(B) states, "[t]he party bringing the action shall have 90

12   days from the date of the decision of the hearing officer to bring [a civil action], or, if the State

13   has an explicit time limitation for bringing such action […], in such time as the State law allows."

14   20 U.S.C. § 1415(i)(2)(B).  California State law gives deference to the 90-day statute of

15   limitations provided under federal law for filing a civil action in federal district court.  Cal. Edu.

16   Code § 56505(k); 34 C.F.R. § 300.516(b).  Plaintiffs had "90 days *from the date of the decision of*

17   *the hearing officer* to bring such an action."  20 U.S.C. § 1415(i)(2)(B) (emphasis added).  The

18   last CDE report issued was the Reconsideration Investigation Report issued on November 21,

19   2013, which was 127 days prior to Plaintiffs filing this action on March 28, 2014.

20            While Plaintiffs argue that they are not time-barred because 20 U.S.C. §

21   1415(i)(2)(B) and California Education Code section 56505(k) only apply to appeals, Plaintiffs do

22   not cite any authority for this assertion.  20 U.S.C. § 1415(i)(2)(A) explicitly states that the civil

23   action is available for a party "*who does not have the right to an appeal* under [the statute]." §

24   1415(i)(2)(A) (emphasis added).[5]  Title 34 of the C.F.R. section 300.516, the implementing

25   _____

26   [5] While California Education Code section 56505(k) does state that "*[a]n appeal* shall be made within 90 days of
     receipt of the hearing decision," the statute differentiates between an aggrieved party in state and an aggrieved party

27   in federal court. Cal. Edu. Code § 56505(k) (emphasis added).  Under section 56505(k), an aggrieved party has "*the
     right to appeal* the decision to a state court" and "*the right to bring a civil action* in a district court of the United

28   States […] pursuant to Section 300.516 of Title 34 the Code of Federal Regulations."  Cal. Edu. Code § 56505(k)
     (emphasis added).

1    regulation of IDEA, reiterates the 90 day statute of limitations in the IDEA.  34 U.S.C. §

2    300.516(b).  Therefore, the 90-day statute of limitations applies to Plaintiffs' denial of FAPE

3    claims, making the claims time-barred and removing this Court's subject matter jurisdiction.

4           In lieu of subject matter jurisdiction under the IDEA, Plaintiffs also argue that the

5    Court has federal question jurisdiction under Title 34 of the C.F.R. sections 300.152 and

6    300.323(c)(2).[6]  (ECF No. 9 at 4.)  However, Title 34 of the C.F.R. sections 300.152 and

7    300.323(c)(2) merely implement the regulations for and are authorized by the IDEA.  34 C.F.R. §

8    300.323(c)(2).  Therefore, these regulations offer no independent remedy to a violation of FAPE.

9    *Id.*  Furthermore, even if this Court were to apply the applicable CFR sections, they provide the

10   same 90-day statute of limitations.  34 C.F.R. §§ 300.516(a) & (b).  Therefore, under either

11   interpretation, Plaintiffs' claims are time-barred. 34 C.F.R. 300.516(a) & (b); 20 U.S.C.

12   1415(i)(2).  Thus, since the IDEA cannot provide subject matter jurisdiction for the instant claim,

13   Defendant's motion to dismiss Count I is GRANTED.

14          **b.  Attorneys' Fees (Count III)**

15          Plaintiffs seek to bring an action against Defendant for attorneys' fees in the OAH

16   and the CDE hearings pursuant to 20 U.S.C. § 1415(i)(3)(B).  (ECF No. 1 at ¶ 62.)  Defendant

17   argues that Plaintiffs cannot collect attorneys' fees because they cannot be considered "prevailing

18   parties" under 20 U.S.C. § 1415(i)(3)(B)(i).  (ECF No. 7-1 at 16–17.)  The Court finds that it has

19   jurisdiction of this claim and DENIES Defendant's Motion to Dismiss Count III.  The Court finds

20   that Plaintiffs were the prevailing parties in both Compliant Resolution Proceedings ("CRP").

21   However, Plaintiffs must limit their claims for attorneys' fees to those expended during the first

22   and second compliance complaints.

23          i.  *Statute of Limitations*

24          Because the IDEA does not establish a statute of limitations to bring a claim for

25

26   [6] Plaintiffs further claim that the CDE determined that Defendant violated Title 34 of the C.F.R. section
     300.323(c)(2).  (ECF No. 9 at 4–5.)  However, the Court has reviewed both the CDE's September 16, 2013,

27   Investigation Report (ECF No. 1-8) and the CDE's November 21, 2013, Reconsideration Investigation Report (ECF
     No. 1-9.) and finds that the CDE never made the determination that Defendant violated the C.F.R.  The Court

28   believes Plaintiffs' statement to be a disingenuous misstatement and potential grounds for sanctions under Local Rule
     § 184.

1    attorneys' fees in federal court, the Ninth Circuit held that courts are to look to the analogous

2    state statute to determine the appropriate statute of limitations for attorneys' fees under the IDEA.

3    *Livingston School Dist. Numbers 4 and 1 v. Keenan*, 82 F. 3d 912, 915 (9th Cir. 1996).  Federal

4    district courts in California have found the most analogous state statute to be California Code of

5    Civil Procedure section 338.209, which establishes a three year statute of limitations for "[a]n

6    action upon a liability created by statute."  *Ostby v. Oxnard Union High*, 209 F. Supp. 2d 1035,

7    1044–45 (C.D. Cal. 2002); *Villa v. Poway Unified School Dist.*, 2010 WL 2731669 (S.D. Cal.

8    2010); Cal. Code Civ. Pro § 338.  Therefore, the Court finds that a three year statute of limitations

9    applies in this instance.  Cal. Code Civ. Pro § 338.  As such, the Plaintiffs' claims for attorneys'

10   fees are not time-barred.

11                           ii.  *Prevailing Party*

12           The IDEA provides that "[t]he district courts of the United States shall have

13   jurisdiction of [attorneys' fees] actions […] without regard to the amount in controversy."  20

14   U.S.C. § 1415(i)(3)(A).  The IDEA gives the district court the discretion to award of attorneys'

15   fees "to a prevailing party [of any action or proceeding brought under the IDEA] who is the

16   parent of a child with a disability."[7]  20 U.S.C. § 1415(i)(3)(B)(i).  A parent must "'succeed[ ] on

17   any significant issue in litigation which achieves some of the benefit the parties sought in

18   bringing the suit.'"  *Parents of Student W. v. Puyallup School Dist.*, 31 F. 3d 1489, 1498 (9th Cir.

19   1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "When a parent obtains

20   affirmative relief in a proceeding brought under the IDEA, then the parent is the prevailing

21   party."[8]  *Lucht v. Molalla River School Dist.*, 225 F.3d 1023, 1026 (9th Cir. 2000) (internal

22   citations omitted).

23           Success occurs when the outcome "results in a 'material alteration of the legal

24

25   ───────────────
     [7] Defendant argues that Plaintiffs are ineligible for attorneys' fees under the IDEA because the claim for attorneys'
     fees was not properly "brought under this section."  (ECF 7-1 at 15.)  However, the Ninth Circuit has construed the

26   word "section" to refer to section 1415 as a whole.  *Lucht*, 225 F. 3d at 1028.  Because Plaintiffs alleged a violation
     of the IDEA in their original due process complaint, Plaintiffs have properly brought their claim for attorneys' fees

27   "under this section."  20 U.S.C. § 1415(i)(3)(B).
     [8] While Defendant argues that Plaintiffs are not eligible for attorneys' fees because they achieved success under a
     CRP (ECF No. 10, at 2.), the Ninth Circuit has found that attorneys' fees are available for success during a CRP.

28   *Lucht*, 225 F. 3d 1023, 1027 (2000).

                                              8

relationship of the parties in a manner which Congress sought to promote in the fee statute.'"

*Parents of Student W.*, 31 F. 3d at 1498 (quoting *Hensley v. Eckerhart*, 461 U.S. at 433).  A legal

relationship has been materially altered where "'the plaintiff becomes entitled to enforce a

judgment, consent decree, or settlement against the defendant.'"  *Fisher v. SJB–P.D. Inc.*, 214 F.

3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)).

       "[T]he prevailing party inquiry does not turn on the magnitude of the relief

obtained." *Farrar*, 506 U.S. at 111.  Even an award of nominal damages confers prevailing party

status.  A "prevailing party" need only "obtain an enforceable judgment against the defendant

from whom fees are sought." *Park v. Anaheim Union Sch. Dist.*, 464 F. 3d 1025, 1036 (9th Cir.

2006) (quoting *Farrar*, 506 U.S. at 113–14).  "[A] party may be considered 'prevailing' even

without obtaining a favorable final judgment on all (or even the most crucial) of her claims."

*Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir.

2004) (quoting *Maine Sch. Admin. Dist. No. 35 v. Mr. R.,* 321 F. 3d 9, 15 (1st Cir. 2003)).

However, parents are barred from recovering attorneys' fees "'where the plaintiff's success on a

legal claim can be characterized as purely technical or de minimis.'" *Parents of Student W.*, 31

F.3d at 1498 (quoting *Hensley*, 461 U.S. at 433).  A de minimis success confers no rights on a

party and does not impact the obligation of the defendant toward the plaintiff.  *Park*, 464 F. 3d at

1036.

       The parents must also show that the change in relationship was judicially

sanctioned in order to be a prevailing party.  *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165,

1169–74 (9th Cir. 2007); *see Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of*

*Health and Human Services*, 532 U.S. 598, 605 (2001).  "Judicial imprimatur can come in the

form of an enforceable judgment on the merits or a court-ordered consent decree [ . . . ] but those

are not the exclusive means of satisfying the requirement. Other court-approved actions will

suffice, provided they entail a judicial determination that the claims on which the plaintiff obtains

relief are potentially meritorious." *Higher Taste, Inc. v. City of Tacoma*, 717 F. 3d 712, 715 (9th

Cir. 2013) (internal citations omitted).

       Because Plaintiffs may only recover attorney's fees for actions in which they are

1    the prevailing party, the Court must determine if Plaintiffs qualify as prevailing parties in each

2    phase of the previous dispute: 1) the settlement agreement, 2) the first compliance complaint;

3    and/or 3) the second compliance complaint.

4                          1.   Prevailing Party in the Settlement Agreement

5             Defendant correctly argues that the settlement agreement was not judicially

6    sanctioned;[9] therefore, Plaintiffs cannot be considered the prevailing party.  (ECF No. 7-1 at 17.)

7    Defendant alleges, and Plaintiffs do not deny, that the settlement agreement was negotiated

8    between the parties directly without the involvement of any mediator or other State official and

9    was not incorporated or approved by a judge or agency official.  (Def.'s Reply, ECF No. 10 at 4.)

10   Because the settlement agreement was not reviewed by any judge or agency official and was not

11   incorporated in any order by any judge or state official, the settlement agreement was not

12   judicially sanctioned.  *P.N. v. Seattle Sch. Dist. No. 1*, 474 F. 3d 1165, 1169–74 (9th Cir. 2007).

13   For these reasons, the Court finds that the settlement agreement lacked judicial imprimatur, and

14   Plaintiffs cannot be a prevailing party of the settlement agreement.

15                          2.   Prevailing Party in the First Compliance Complaint Action

16            Plaintiffs allege a material alteration in the legal relationship of the parties after the

17   findings of the CDE on the first compliance complaint because the CDE ordered Defendant to do

18   something it would not ordinarily do.[10]  (ECF No. 9 at 11.)  The CDE found that Defendant must

19   reimburse the Plaintiffs for the cost of a dance class in the amount of $111.  (ECF No. 1-6 at 4;

20   Sierra Dance Institute Invoice, ECF No. 7-3 at 36.)  However, the CDE also found that Defendant

21   was not required to extend access to the compensatory education fund.  (ECF No. 1-6 at 4.)

22   Because Plaintiffs received an enforceable judgment against Defendant, there was a material

23   alteration to the parties' legal relationship.  *Farrar*, 506 U.S. at 113.  While Plaintiffs did not

---

[9] Defendant contends that Plaintiffs cannot be a prevailing party because the settlement agreement did not change the legal relationship and if any change was made, such change was de minimis.  (ECF No. 7-1 at 16–17.)  Because the Court finds that the settlement agreement was not judicially sanctioned, the Court declines to address whether there was a material alteration in the legal relationship of the parties when the parties entered into the settlement agreement.

[10] Defendant argues that Plaintiffs cannot be a prevailing party because the state court has not come to a final resolution of Defendant's challenge to the CRP findings.  (ECF No. 10 at 2–4.)  However, the state court did come to a final resolution with respect to all claims related to Plaintiffs.  (Ruling on J.H.'s Mot. for Leave to Intervene and Demurrer, ECF No. 12-1.)

1   succeed on their primary claim for extending their access to the compensation fund created in the

2   settlement agreement and only received a nominal amount, Plaintiffs still obtained an enforceable

3   judgment against Defendant.  (ECF No. 1-6 at 4.)  *Shapiro*, 374 F. 3d at 865.  This alteration is

4   not de minimis because Plaintiffs gained an enforceable right against Defendant.  *Compare with*

5   *L.H. v. Chino Valley Unified Sch. Dist.*, 944 F. Supp. 2d 867 (C.D. Cal. 2013) (holding the

6   administrative findings that the school district was out of compliance for failure to send a

7   memorandum did not alter the parties' legal relationship, and any change in the parties'

8   relationship was de minimis).

9          Plaintiffs argue that the CDE procedure is sufficient judicial imprimatur for the fee

10  award.  (ECF No. 9 at 11.)  The Court agrees that the CDE's Reconsideration Report is judicially

11  sanctioned because an administrative officer determined that Plaintiffs were potentially

12  meritorious.  *Fisher*, 214 F. 3d at 1118.  Therefore, Plaintiffs are the prevailing parties of the First

13  Compliance Complaint.

14                    3.   Prevailing Party in the Second Compliance Complaint Action

15         Plaintiffs further contend that the CDE's finding on the second compliance

16  complaint materially altered the parties' legal relationship because it substantively modified the

17  existing settlement agreement and forced Defendant to do something that it would not have

18  otherwise voluntarily done.  (ECF No. 9 at 11.)  The CDE extended Plaintiffs' access to the

19  compensatory education fund to the 2013–2014 school year.  Again, Plaintiffs obtained an

20  enforceable judgment against Defendant and was able to order Defendant to do something it

21  would not normally do.  *Farrar*, 506 U.S. at 113.  This constitutes a material alteration in the

22  parties' legal relationship because Plaintiffs have an enforceable judgment against Defendant, and

23  the magnitude of that judgment is irrelevant to materiality.  *Id.* at 111–113.  Furthermore, the

24  change cannot be considered purely technical or de minimis because Plaintiffs gained the right to

25  enforce a judgment against Defendant.

26         Plaintiffs argue that the CDE procedure is sufficient judicial imprimatur for the fee

27  award.  (ECF No. 9 at 11.)  The Court again agrees that the CDE's Reconsideration Investigation

28  Report is judicially sanctioned because an administrative officer determined that Plaintiffs were

1   potentially meritorious.  *Fisher*, 214 F. 3d at 1118.  Therefore, Plaintiffs are the prevailing parties

2   of the Second Compliance Complaint.

3          Thus, Plaintiffs are a prevailing party of both the first and second compliance

4   complaints.  However, Plaintiffs are limited to seek attorneys' fees related to the first or second

5   compliance complaints.[11]

6          **c.   Breach of Contract (Count II)**

7          Plaintiffs seek to bring an action against Defendant for breach of contract by

8   failing to adhere to the terms of the parties' April 14, 2011, settlement agreement.  (ECF No. 1 at

9   ¶¶ 54 & 56.)  The Court finds it does not have supplemental jurisdiction to hear Plaintiffs' claim

10  for breach of contract. Fed. Rule Civ. Pro. (h)(3). Thus, the Court GRANTS Defendant's Motion

11  to Dismiss Count II.

12         Supplemental jurisdiction is available "over all other claims that are so related to

13  claims in the action within such original jurisdiction that they form part of the same case or

14  controversy."  28 U.S.C. § 1367.  "Pendent claims must derive from a nucleus of operative fact

15  held in common with claims for which there is an independent basis for federal jurisdiction, and

16  they must be such that they ordinarily would be expected to be tried in a single proceeding with

17  the federal claims."  *S.O.S., Inc. v. Payday, Inc.*, 886 F. 2d 1081, 1091 (9th Cir.1989); *see United*

18  *Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Supplemental jurisdiction is not

19  available when "the state law claims substantially predominate over the narrow claim over which

20  the district court has jurisdiction."  *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F. 2d 552, 558

21  (9th Cir. 1992), *as amended* (Apr. 20, 1992).

22         Plaintiffs argue that the Court has supplemental jurisdiction of the breach of

23  contract claim because the claim is supplemental to the federal question jurisdiction provided by

24  the IDEA.  While the denial of FAPE claim is time-barred under the IDEA, Plaintiffs' claim for

---

25

26  [11] Defendant argues that Plaintiffs cannot collect attorneys' fees because Plaintiffs' counsel, Mr. Ruderman, was listed as complainant on the Second Compliance Complaint rather than Plaintiffs.  (ECF No. 7-1 at 16–17.)

27  Defendant contends that attorneys cannot collect attorneys' fees under California law.  (ECF No. 7-1 at 16–17.)  This is obviously an administrative error on Plaintiffs' part.  The party to benefit from the compliance complaint was clearly J.H. and the parents of J.H., not their attorney, Mr. Ruderman.  The Court views this as a de minimis clerical

28  error and will not deny attorneys' fees to Plaintiffs for this reason.

1   attorneys' fees may proceed in this Court.  However, the Court finds that the claim for attorneys'

2   fees and the claim for breach of contract do not derive from the same common nucleus of fact,

3   and as such, do not form part of the same case or controversy.

4   In *Stevedoring Servs. of Am., Inc.*, plaintiffs sought to collect on an attorney's fee

5   order over which a United States district court had jurisdiction, as well as recover on an alleged

6   overpayment of disability compensation under state common law.  953 F.2d at 558.  The Court

7   found that "[t]he claims at issue here [. . . were] independent of one another.  Stevedoring's claim

8   for enforcement of the May 19, 1987 attorney's fee order [was] quite distinct from Stevedoring's

9   claim for recovery of alleged overpayments of disability compensation under state common law."

10  *Id.* at 558.

11  Similarly, in the instant case Plaintiffs claim to collect on attorneys' fees is

12  completely independent from their claim for Defendant's alleged breach of contract.  Plaintiffs

13  claim for attorneys' fees derives from the administrative hearing procedures where Plaintiffs

14  sought relief for denial of FAPE.  While the settlement agreement was formed during this

15  process, the facts surrounding the breach of contract wholly differ from the calculation of

16  attorneys' fees to be awarded to Plaintiff.  For this reason, little to no facts will overlap from the

17  breach of contract claim and the narrow claim which allows Plaintiffs to collect attorneys' fees

18  from the prior litigation.[12]  Because the two claims do not derive from the same case or

19  controversy, the Court does not have supplemental jurisdiction over Plaintiffs' breach of contract

20  claim.

21  ### IV. CONCLUSION

22  For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN

23  PART Defendant's Motion to Dismiss Plaintiff's Complaint.  (ECF No. 7.)  Defendant's motion

24  is GRANTED as follows:

25  1.   COUNT I is DISMISSED without leave to amend;

26  2.   COUNT II is DISMISSED without leave to amend;

27

28

---

[12] The Court notes that even if Plaintiffs were to re-file their instant denial of FAPE claim under California Education Code section 56043(i), the Court would not have supplemental jurisdiction to hear the claim under the same reasoning.

3.  Defendant's Motion to Dismiss is DENIED as to claims for attorneys' fees relating to Plaintiffs' first and second compliance complaints (ECF No. 1-6 and ECF No. 1-7) filed with the California Department of Education under COUNT III.

IT IS SO ORDERED.

Dated:  March 6, 2015

Troy L. Nunley
United States District Judge